UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **Margaret A. Clark,** ) | **CASE NO. 5:12 CV 144** |
| ) | |
| **Plaintiff,** ) | **JUDGE PATRICIA A. GAUGHAN** |
| ) | |
| **Vs.** ) | |
| ) | |
| **Michael J. Astrue,** ) | **Memorandum of Opinion and Order** |
| **Commissioner of Social Security,** ) | |
| ) | |
| **Defendant.** ) | |

**INTRODUCTION**

This matter is before the Court upon the Report and Recommendation ("R&R") of Magistrate Judge James R. Knepp, II (Doc. 18), recommending that the decision of the Commissioner be affirmed. Plaintiff filed objections to the R&R. For the reasons that follow, the R&R is ACCEPTED and the decision of the Commissioner is AFFIRMED.

**STANDARD OF REVIEW**

Federal Rule of Civil Procedure 72, which governs the matter herein inasmuch as timely objections have been made to the Report and Recommendation, provides in part:

**(b) Dispositive Motions and Prisoner Petitions.**

The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

As stated in the Advisory Committee Notes, "The term 'de novo' signifies the

1

magistrate's findings are not protected by the clearly erroneous doctrine, but does not indicate that a second evidentiary hearing is required." *citing United States v. Raddatz*, 447 U.S. 667 (1980).

**ANALYSIS**

Plaintiff objects to the R&R on one ground. According to plaintiff, the issue in this case is whether the hypothetical posed by the Administrative Law Judge ("ALJ") was "more representative of a light exertional level or a sedentary level." The ALJ, in computing plaintiff's Residual Functional Capacity ("RFC"), determined that plaintiff was capable of the following:

> Lift and carry 20 pounds occasionally; lift and carry 10 pounds frequently; and perform work that allows for a sit/stand at will option in an 8-hour work day. She cannot perform work that involves climbing or exposure to heights or moving and dangerous machinery; cannot do repetitive finger movements or repetitive overhead reaching; and is limited to unskilled work requiring no more than 1 and 2 step directions.

Plaintiff does not challenge the ALJ's RFC finding. Next, the ALJ posed a hypothetical question to the Vocational Expert ("VE") that incorporated these limitations. The VE responded that plaintiff could perform work as a ticket taker, order caller, or "something like a shipping and receiving weigher." Plaintiff's attorney inquired of the VE as to the exertional level of the jobs and the VE indicated that the jobs were "light exertional." Plaintiff's attorney then asked the VE to assume that the plaintiff would opt to sit for six-hours in an eight-hour workday. In response, the VE indicated that the exertional level, based on the "absolute definition," would technically be sedentary. According to plaintiff, because she is closely approaching advanced age, has limited education, and unskilled prior work experience, an RFC limiting plaintiff to sedentary work results in a finding of disabled.

Upon review, the Court rejects plaintiff's argument. A sit/stand "at will" limitation does

not automatically result in application of the sedentary grid rules.  In fact, a sit/stand "at will" limitation is a restriction that applies to *both* light exertional and sedentary RFC findings.  In other words, a person with a sit/stand "at will" limitation will not be able to perform a full range of light exertional work or a full range of sedentary work.  In this case, the VE expressly testified that the jobs plaintiff could perform based on the RFC as determined by the ALJ fell within the "light exertional" range.  In essence, plaintiff argues that where an ALJ imposes a sit/stand "at will" limitation, the claimant can determine whether the particular job falls within a "light exertional" level or a "sedentary" level based on whether the claimant would chose to stand or sit for a particular number of hours.  The Court rejects this argument.  According to plaintiff, she would "likely choose" to sit for six hours each day.  The ALJ, however, discounted plaintiff's credibility and notably did not limit plaintiff to sitting for six hours per day.  The VE concluded that plaintiff could perform a number of jobs at the light exeretional level.  Accordingly, defendant did not err in concluding that plaintiff is not disabled.

**CONCLUSION**

For the foregoing reasons, the R&R is ACCEPTED and the decision of the Commissioner is AFFIRMED.

IT IS SO ORDERED.

                                              /s/Patricia A. Gaughan
                                              PATRICIA A. GAUGHAN
Date:     2/22/13                               United States District Judge